UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


EMMET ALONZO JONES,

        Petitioner,

v.                                       Case No. 2:10-cv-40
                                       HON. GORDON J. QUIST

CATHERINE BAUMAN,

        Respondent.

_____/


**<u>REPORT AND RECOMMENDATION</u>**

        Petitioner Emmet Alonzo Jones argues that his state conviction for unarmed robbery,

MCL § 750.530, violated his federal rights.  The instant petition sets forth seven claims:

> I.  The Michigan Court of Appeals acted contrary to Supreme Court precedent by holding one-on-one show-ups are not identification procedures, and by denying review of the challenged identification under a "totality of the evidence standard."
>
> II.  The Michigan Court of Appeals decision was contrary to clearly established Supreme Court precedent, when deciding the alternative theory instructions did not amount to a direct verdict, and by creating mandatory conclusive presumptions which relieved the state of the burden of proof on the element of intent.
>
> III.  The failure of the Michigan Court of Appeals to consider Petitioner's claim that he was denied due process when the trial court refused to give a requested "specific intent" instruction was objectively unreasonable.
>
> IV.  The Michigan Court of Appeals acted contrary to clearly established Supreme Court precedent when deciding Petitioner had not been denied the right to counsel where Petitioner had made allegations that counsel was ineffective and had been forced to continue with defective counsel, or waive counsel and represent himself.

V.  The Michigan Court of Appeals unreasonably determined the facts in light of the evidence presented when deciding that the trial court's clear promise to provide Petitioner a manual of criminal jury instructions never occurred.

VI.  The Michigan Court of Appeals decision that Petitioner had not exercised his right to the compulsory process was an unreasonable application of the facts in light of the evidence presented.

VII.  The Michigan Court of Appeals decision that the prosecutor had not denied petitioner required discovery materials was an unreasonable application of the facts in light of the evidence presented.

Petitioner filed this petition for writ of habeas corpus challenging his prison sentence of 142 months to 40 years.  The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). Petitioner's claims fail to state facts that point to such a constitutional error. The Michigan Court of Appeals' determination that Petitioner's one-on-one show up was not an identification procedure was reasonable.

The Sixth Circuit has explained:

> The introduction of a pretrial identification that is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" violates a defendant's right to due process. *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986). A court must first determine whether an identification procedure was unduly suggestive. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1070-71 (6th Cir. 1994). Where a court determines that an identification was unduly suggestive, the court must evaluate the totality of the circumstances to determine whether the identification was reliable

taking into account five factors:   1) the opportunity of the witness to view the criminal at the time of trial; 2) the witness's degree of attention at the time of the observation; 3) the accuracy of the witness's prior description of the criminal; 4) the level of certainty of the witness when confronted by the criminal; and 5) the length of time between the crime and confrontation.

*Gross v. Warden, Lebanon Correctional Institution*, 426 Fed. Appx. 349, 362 (6th Cir. 2011).  The

issue for these claims is whether the identification procedure was "so unduly prejudicial as fatally

to taint his conviction."  *Simmons v. United States*, 390 U.S. 377, 383; 88 S. Ct. 967, 970 (1968).

The Michigan Court of Appeals stated:

Defendant argues that the trial court erred in denying his motion to suppress the identification testimony of the two Wal-Mart employees. He asserts that these witnesses were subjected to an impermissible identification procedure when they viewed him just before the preliminary examination. We disagree.

To establish that an identification procedure denied a defendant due process, the defendant must show that the pretrial identification procedure was so suggestive under the totality of the circumstances that it led to a substantial likelihood of misidentification. *People v Williams*, 244 Mich App 533, 542; 624 NW2d 575 (2001). We conclude that the circumstances under which the witnesses viewed defendant before the preliminary examination did not constitute an identification procedure and, therefore, the trial court did not clearly err in denying defendant's motion to suppress.

While waiting in a foyer outside the courtroom before the preliminary examination, both witnesses briefly observed defendant as he was being escorted from the jail to the courtroom. However, no one told them that defendant would be passing by or asked them if he was their assailant. Further, there was no evidence that anyone from either the prosecutor's office or the police arranged for defendant to pass by the witnesses. On the contrary, the evidence indicated that witnesses usually did not see a defendant led into the courtroom from the jail because defendants usually used a doorway at the opposite end of a U-shaped hallway. Because there was no evidence that the situation was orchestrated by the prosecutor or the police for identification purposes, the trial court did not err in denying defendant's motion to suppress. See *Libbett*, *supra* at 361.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 2-3, Court of Appeals, No. 273576.

As stated by the Michigan Court of Appeals, an impermissible identification procedure never occurred in this case. Witnesses simply observed petitioner during his escort from the county jail facility to the court room. No identification ever took place, and petitioner's Constitutional rights were not violated under these circumstances. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. In summary, the undersigned concludes that Petitioner's claim is without merit and therefore recommends that this Court dismiss the petition with prejudice.

Petitioner argues that the court erred in the jury instructions. Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, No. 09-2371, slip op. at 7 (6th Cir. Apr. 5, 2012) (same); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Id.*

The Supreme Court has held that "Before a federal court may overturn a conviction resulting from a state trial, it must be established not merely that the instruction is undesirable,

erroneous,. . .or even 'universally condemned,' but that it violated some right which was guaranteed

to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973).  That

Court went on to say that the question is "whether the ailing instruction by itself so infected the

entire trial that the resulting conviction violates due process."  *Id.* at 147.  Petitioner has not shown

that any alleged defects in the instructions were so defective as to deprive him of his constitutional

rights.

> In addressing Petitioner's jury instruction claim, the Michigan Court of Appeals held:
>
> Defendant also argues in his Standard 4 brief that the trial court's jury instructions on aiding and abetting were inaccurate. We disagree.
>
> The trial court's initial reference to someone assisting in "a" crime was made in the context of explaining the general concept of aiding and abetting. The trial court's instructions regarding the elements of aiding and abetting, including defendant's intent, clearly referred to the alleged" offense, in this case robbery. Viewed as a whole, the trial court's jury instructions properly conveyed the applicable law and sufficiently protected defendant's rights.
>
> To the extent that defendant argues that an aiding and abetting instruction was not appropriate in this case, we disagree. An instruction on aiding and abetting is appropriate when there is evidence that more than one person was involved in committing the crime and the defendant's role in the crime might have been less than direct participation. *People v Bartlett*, 231 Mich App 139, 157; 585 NW2d 341 (1998). The evidence in this case indicated that at least two persons were involved in the offense, a man pushing a shopping cart with the stolen televisions and the assailant. In light of this evidence, the trial court did not abuse its discretion by instructing the jury on aiding and abetting.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 9-10, Court of Appeals No.

273576.

The evidence presented at trial, taken in the light most favorable to the prosecution,

was sufficient to justify the instructions given by the court.  The Michigan Court of Appeals'

decision did not result in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law as determined by the Supreme Court of the United States; or result

in a decision that was based upon an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding.

Petitioner asserts that he was denied assistance of counsel and forced to represent

himself.  In *Faretta v. California*, 422 U.S. 806 (1975), the United States Supreme Court held that

a criminal defendant has the right to conduct his own defense at trial.  The Court stated:

> It is the defendant, therefore, who must be free personally to decide
> whether in his particular case counsel is to his advantage.  And
> although he may conduct his own defense ultimately to his own
> detriment, his choice must be honored out of "that respect for the
> individual which is the lifeblood of the law."  *Illinois v. Allen*, 397
> U.S. 337, 350-351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353.

*Id*. at 834.  The Court noted that a criminal defendant must knowingly and intelligently forgo his

right to counsel:

> When an accused manages his own defense, he relinquishes, as a
> purely factual matter, many of the traditional benefits associated with
> the right to counsel.  For this reason, in order to represent himself, the
> accused must "knowingly and intelligently" forgo those relinquished
> benefits. *Johnson v. Zerbst*, 304 U.S., at 464-465, 58 S.Ct., at 1023.
> *Cf. Von Moltke v. Gillies*, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323,
> 92 L.Ed. 309 (plurality opinion of Black, J.).  Although a defendant
> need not himself have the skill and experience of a lawyer in order
> competently and intelligently to choose self-representation, he should
> be made aware of the dangers and disadvantages of self-
> representation, so that the record will establish that "he knows what
> he is doing and his choice is made with eyes open." *Adams v. United*
> *States ex rel. McCann*, 317 U.S., at 279, 63 S.Ct., at 242.
>
> Here, weeks before trial, Faretta clearly and unequivocally declared
> to the trial judge that he wanted to represent himself and did not want
> counsel.  The record affirmatively shows that Faretta was literate,
> competent, and understanding, and that he was voluntarily exercising
> his informed free will.  The trial judge had warned Faretta that he
> thought it was a mistake not to accept the assistance of counsel, and

that Faretta would be required to follow all the "ground rules" of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

*Id.* at 835-836.

The Michigan Court of Appeals denied this claim, citing *People v. Anderson*, 398

Mich. 361, 368; 247 NW2d 857 (1976):

(1) While the defendant may have been unhappy with all of the alternatives available to him on the day his trial began, his choice to represent himself rather than accept the public defender was unequivocal and unconditional. . . . (2) The trial court made defendant aware and the record shows that the defendant was acutely aware of the dangers and disabilities of proceeding as his own attorney. His choice was an undesired one in the sense that he would have preferred not to proceed with the trial at all, but faced with the alternatives available to him his decision to proceed as his own attorney was a voluntary choice made with his eyes wide open. The record does not contradict the trial court's determination that the defendant asserted his right of self-representation knowingly, intelligently and voluntarily. This finding is also supported by defendant's history of personal involvement with the criminal justice system. *Johnson v Zerbst*, 304 US 458; 58 S. Ct. 1019; 82 L Ed 1461 (1938). (3) It does not appear that the trial court was unduly inconvenienced, burdened or disrupted by defendant's pro se representation. [*Id*. at 22-23.]

Here, defendant's past negative experiences with the Kalamazoo Public Defender's Office did not make his decision to represent himself any less voluntary. Defendant was indigent. An indigent defendant receiving counsel at public expense is not entitled to an attorney of his choice. *People v Ackerman*, 257 Mich App 434, 456; 669 NW2d 818 (2003). The trial court informed defendant that he was entitled to competent counsel, but not one of his choice. The trial court did not foreclose substitute counsel if appointed counsel was not adequate. In the face of this advice, defendant chose to represent himself. While he may have felt that he had good reason to be concerned, it was a choice he made. Defendant explained that he did not want to delay the trial any longer and believed that representing himself would be best "instead of having to go through any other

> attorney about what I want to do." On this record, the trial court did not clearly err in finding that defendant voluntarily waived his right to counsel.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 9-10, Court of Appeals No. 273576. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the Michigan Court of Appeals unreasonably determined the facts in light of the evidence presented when deciding that the trial court's clear promise to provide Petitioner a manual of criminal jury instructions never occurred. Petitioner chose to conduct his own defense at trial, but only after the state satisfied its constitutional obligation by offering him assistance of counsel. As a result, the trial court had no obligation to provide Petitioner with a copy of the standard criminal jury instructions manual. On this issue, the Michigan Court of Appeals held:

> Defendant also argues in his Standard 4 brief that the trial court abused its discretion by denying defendant's motion for a mistrial based on the court's failure to provide defendant with a copy of the standard criminal jury instructions manual, which defendant argues infringed on his constitutional right of access to the courts. We disagree.
>
> A defendant's constitutional right of access to the courts is satisfied by an offer of assistance of counsel. Thus, the trial court was under no obligation to provide defendant with a copy of the standard criminal jury instructions. *People v Yeoman*, 218 Mich App 406, 415; 554 NW2d 577 (1996) (state satisfied its constitutional obligation by offering the defendant assistance of counsel, which he declined, and once the state satisfied the obligation, it was not required to provide the defendant with law library access to further his propria persona

defense). Defendant acknowledges this, but asserts that the trial court promised to provide a copy of the manual and, therefore, was obligated to do so.

It appears from the record that the trial court misunderstood defendant's request, believing that defendant had requested a copy of the prosecutor's proposed instructions, which the trial court provided as promised. To the extent there was a misunderstanding concerning the nature of the request, defendant is not entitled to relief. Defendant chose to represent himself, waiving the assistance of counsel. The trial court allowed him an assistant to aide in his defense. Even after the trial court determined at the end of the third day of trial which jury instructions would be given, defendant still had the means to independently obtain the manual and review it before the jury was instructed the following day. Because defendant was not "deprived of all avenues of meaningful access to the court," *People v Mack*, 190 Mich App 7, 24; 475 NW2d 830 (1991), his due process rights were not violated. The trial court did not abuse its discretion in denying defendant's request for a mistrial on this basis.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 7, Court of Appeals No. 273576.

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Contrary to Petitioner's sixth claim, the Michigan Court of Appeals' decision that Petitioner had not exercised his right to the compulsory process was reasonable.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that testimonial statements made against a defendant require ordinarily that the witness be present at trial and subject to cross-examination.

It is well settled that, under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the

prosecution must disclose any evidence it has in its possession or of which it is aware which is both

favorable to the accused and material to guilt or punishment.  A defendant does not have to make

a specific request for *Brady* evidence before the government has an obligation to disclose favorable

evidence. *See United States v. Agurs*, 427 U.S. 97 (1976).  As the Court stated in *Kyles v. Whitley*,

514 U.S. 419 (1995), the obligation to disclose exculpatory evidence is required even absent a

defense request when suppression of the evidence would be "of sufficient significance to result in

the denial of the defendant's right to a fair trial." *Id.* at 1565, citing *Agars* at 108.  The Michigan

Court of Appeals noted:

> In his Standard 4 brief, defendant argues that the prosecutor violated
> his duty to produce at trial or disclose the whereabouts of a witness,
> Derrick Williams. Because defendant did not object to Williams's
> absence at trial, this issue is unpreserved and our review is limited to
> plain error affecting defendant's substantial rights. *People v Carines*,
> 460 Mich 750, 763-764; 597 NW2d 130 (1999).
>
> There is no support in the record for defendant's claim that the
> prosecutor was aware that Williams was being held in jail. Further,
> absent a request, the prosecutor was not obligated to provide
> assistance in locating Williams. MCL 767.40a(5) provides:
>
> The prosecuting attorney or investigative law enforcement agency
> shall provide to the defendant, or defense counsel, upon request,
> reasonable assistance, including investigative assistance, as may be
> necessary to locate and serve process upon a witness. The request for
> assistance shall be made in writing by defendant or defense counsel
> not less than 10 days before the trial of the case or at such
> other time as the court directs.
>
> Defendant never made a written request for assistance. Thus, the
> prosecutor did not violate his statutory duty.
>
> Even if the prosecutor's statement, "We'll see what we can do," can
> be viewed as an offer to provide assistance, defendant has failed to
> establish that his substantial rights were affected. Williams was also
> charged in this offense. Defendant's bald assertion that Williams

could have provided exculpatory testimony is not supported by any affidavit or other offer of proof, nor has defendant presented any evidence that Williams was willing to testify and waive his Fifth Amendment right against self-incrimination. Accordingly, we reject this claim of error.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 7, Court of Appeals No. 273576.

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the prosecutor denied petitioner required discovery materials necessary to prepare his defense. The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that testimonial statements made against a defendant require ordinarily that the witness be present at trial and subject to cross-examination. However, Petitioner fails to establish a violation of either his right to confrontation or due process through any act of the prosecutor in regard to disclosure of discovery materials.

The Michigan Court of Appeals addressed Petitioner's discovery materials claim in stating:

Defendant argues that the prosecutor committed flagrant discovery violations by failing to provide him with all requested police reports, witness statements, witness contact information, and LEIN information or criminal histories of the witnesses well in advance of trial. He argues that the trial court erred in denying his motion for a mistrial based on the violations. We disagree.

This Court reviews a trial court's denial of a motion for a mistrial for an abuse of discretion. *People v Bauder*, 269 Mich App 174, 194; 712 NW2d 506 (2005). A defendant has no constitutional right to discovery in criminal cases. *People v Elston*, 462 Mich 751; 758; 614

NW2d 595 (2000). All discoverable materials, except exculpatory material, must be requested. MCR 6.201; *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007).

In this case, defendant never requested the witnesses' criminal histories under MCR 6.201(A)(5) and the material was not exculpatory. Moreover, our Supreme Court has indicated that a trial court cannot order a prosecutor to disclose the LEIN records of lay witnesses that are not in his possession. *People v Elkhoja*, 467 Mich 916; 658 NW2d 153 (2003). Thus, there was no discovery violation regarding the failure to provide LEIN information. Defendant does not identify what witness statements were not timely provided and, therefore, has abandoned review of this claim. *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006).

Regarding the redacted witness contact information, MCR 6.201(A)(1) provides that, upon request, a prosecutor must provide the defendant with the names and addresses of all lay and expert witnesses whom the party may call at trial; in the alternative, a party may provide the name of the witness and make the witness available to the other party for interview; the witness list may be amended without leave of the court no later than 28 days before trial.

Here, defendant never requested the addresses of the prosecution's witnesses. He requested the police reports from which the addresses and phone numbers were redacted, but never objected to receiving the redacted reports. Because the witness contact information was not itself exculpatory, there was no discovery violation regarding the failure to provide the witness contact information absent a request.

Contrary to what defendant argues, his right of confrontation was not infringed by the prosecutor's failure to disclose the witness contact information. A defendant has the right to be confronted with the witnesses against him. US Const, Am VI; Const 1963, art 1, § 20; *Crawford v Washington*, 541 US 36, 42; 124 S Ct 1354; 158 L Ed 2d 177 (2004). The right requires that the witness testify under oath, at trial, subject to cross-examination, and within the view of the jury to permit an evaluation of demeanor. *People v Watson,* 245 Mich App 572, 584; 629 NW2d 411 (2001). Defendant fails to identify any particular witness he believes he was denied the right to confront, except for Sergeant Vanderwiere. However, because Sergeant Vanderwiere testified, there was no Confrontation Clause violation. Moreover, the names in the police reports were not redacted.

> Regarding the police reports, a prosecutor must disclose to a defendant, upon request, any police report concerning the case. MCR 6.201(B)(2). A prosecutor also has a continuing duty to disclose additional information without further request. MCR 6.201(H). Defendant was informed as early as July 7, 2006, when the trial court granted his request to represent himself, that the prosecution's office had an open-file policy and that he could photocopy any documents contained in the file. Defendant does not indicate which reports he believes he did not timely receive, except for Sergeant Vanderwiere's report. The record shows that as the prosecutor received supplemental reports, he promptly tendered them to defendant. With regard to Sergeant Vanderwiere's report, the prosecutor stated that he was unaware of the report before trial and received it for the first time on the morning of the fourth day of trial. He immediately gave a copy to defendant. Defendant did not present any evidence contradicting the prosecutor's claim. Therefore, defendant failed to establish a discovery violation.
>
> For these reasons, the trial court did not abuse its discretion in denying defendant's motion for a mistrial based on the alleged discovery violations.

*People v. Jones*, unpublished per curiam opinion dated 7/15/08, pp 3-4, Court of Appeals, No. 273576. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, it is recommended that the petition for writ of habeas corpus be denied.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of certificate, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny the Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 21, 2012