UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EMMETT ALONZO JONES,

        Petitioner,

v.                                              Case No. 2:10-CV-40

CATHERINE BAUMAN,                        HON. GORDON J. QUIST

        Respondent.

_____/

**OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION AND DISMISSING PETITION**

Petitioner, Emmett Alonzo Jones, has filed Objections to the Report and Recommendation ("R & R") dated June 21, 2012, in which Magistrate Judge Greeley recommended that Jones's habeas petition be denied.  Upon *de novo* review of the R & R, Jones's objections, and the pertinent portions of the record, the Court will adopt the R & R, dismiss Jones's petition, and deny Jones a certificate of appealability.

I.     **Claim I**

**Objection (A):**  Jones objects to the R & R's overall conclusion that Jones's "claims fail to state facts that point to such a constitutional error."  (Objections at 6; R & R at 4.)  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Therefore, Jones's objection, which is a general objection to the entirety of the R & R, is denied because it is tantamount to a failure to object.

**Objections (B), (C), & (D):**  Jones objects to the magistrate judge's conclusion that "No identification ever took place."  (Objections at 6; R & R at 6.)  In addition, Jones objects because

"[n]o court has yet determined: (a). Whether any out-of-court counselless [sic] confrontations occurred; (b). Whether the confrontations were suggestive, or impermissibly suggestive, or; (c). Whether the identifications resulting from the confrontations were reliable."  (Objections at 7.) Moreover, Jones objects that no court has applied the Supreme Court's holdings to determine whether an identification violated his due process rights.  (Objections at 8.)  These objections will be denied.

To begin, a defendant's due process rights are implicated when identification testimony is admitted into evidence.  *See United States v. Wade*, 388 U.S. 218, 228-29, 87 S. Ct. 1926, 1932-33 (1967).  Here, the witnesses never testified at trial that they identified Jones when Jones crossed paths with them and then entered into the preliminary examination.[1]  Thus, Jones's due process rights were not implicated regarding this run-in.  In this sense, the R & R and the Michigan Court of Appeals (MCOA) were correct to say that an identification did not occur that could have been challenged and, therefore, Objection (B) is denied.  But, that is not to say that the run-in between Jones and the witnesses prior to the preliminary examination did not taint a subsequent in-court identification.[2]  *See Kirby v. Illinois*, 406 U.S. 682, 690-91, 92 S. Ct. 1877, 1883 (1972) (stating that a defendant can rely on due process principles to challenge unnecessarily suggestive procedures that occur at noncritical pretrial stages).  This is the issue that Jones raises in Objections (C) and (D), which neither the MCOA nor the R & R appears to have addressed.  The question becomes whether the trial court allowed testimony in a manner that runs afoul of § 2254(d).

---

[1] At the preliminary examination, Mr. Huyck said that he recognized Jones when they crossed paths from the night of the robbery, but he never testified that he identified him at the time of crossing paths. (Preliminary Examination Tr. at 24-25.)  Ms. Kamen was asked off the record if she recognized Jones, and she said yes. (Mot. Suppress Tr. at 11-12.)

[2] The first identification testimony occurred at the preliminary examination on June 7, 2006. (Preliminary Examination Tr. at 14 & 30.)

A defendant has a due process right to exclude identification testimony resulting from unnecessarily suggestive procedures that might lead to an irreparably mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S. Ct. 1967, 1972 (1967).  "It is the likelihood of misidentification which violates a defendant's right to due process." *Neil v. Biggers*, 409 U.S. 188, 198, 93 S. Ct. 375, 381-82 (1972).

Courts employ a two-step analysis to determine the admissibility of identification testimony. First, the defendant must prove that the identification procedure was impermissibly suggestive. *Biggers*, 409 U.S. at 198-99, 93 S. Ct. at 382.  Second, a court must determine whether the testimony was nonetheless reliable be weighing factors announced in *Biggers*.  For this second step:

> [R]eliability is the linchpin in determining the admissibility of identification testimony . . . .  The factors . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.  Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253 (1977) (adopting the factors enumerated in *Biggers* to determine the reliability of identification testimony).

In regards to the second prong, citing *Manson*, the trial court first described the corrupting effect of the run-in between Jones and the witnesses.  (Mot. to Suppress Tr. at 61 ("Stated simply, this is really no different than asking a witness in the courtroom, is that the person in the orange suit behind the name defendant the person you saw.  It doesn't even rise to that level.").)  Next, the trial court weighed the following factors against that corrupting effect:

> There was a fairly significant length of time based on the testimony of the two witnesses that they had to observe the defendant.  It was relatively soon thereafter based on the sequence of events that they made an identification in court. And the only intermediate event brought to this Court's attention is that they encounter Mr. Jones in the hallway before they went into the court.

(*Id*. at 62.) In addition, one witness, Ms. Shawn Kamen, had no doubt in her mind that Jones was the person who struck her during the robbery. (*Id.* at 10.)  She followed Jones for nearly ten minutes on the night of the crime and struggled over a stolen TV with him. (Preliminary Examination Tr. at 29.)  The other witness, Mr. Huyck, when asked if he had any doubt that Jones was the person who had hit him, testified that "[t]his is the guy." (Mot. to Suppress at 25.)  Moreover, Mr. Huyck said that he identified Jones from seeing Jones the night of the crime. (Preliminary Examination Tr. at 22.)  Mr. Huyck said that he "got an especially good look" at Jones on the night of the crime.  (*Id.* at 23.)  In the end, the trial court weighed the *Biggers* factors – finding several factors weighed in favor of the witnesses' testimony being reliable and the corrupting effect of any suggestive procedures was minimal – to determine that the witnesses' testimonies were reliable regardless of any taint from suggestive procedures. (Mot. to Suppress. at 62.)

The state trial court identified the correct governing legal principle and, in this Court's opinion, did not weigh the *Biggers* factors in an objectively unreasonable manner.  Therefore, Objections (C) and (D) are overruled because this Court agrees with the R & R that Jones's conviction did not involve an unreasonable application of Supreme Court precedent.

## II.    Claim II

**Objection (E):** The MCOA's review was not contrary to or an unreasonable application of Supreme Court precedent regarding the Ex Post Facto Clause.  Contrary to what Jones asserts, the "natural and probable consequences theory" of aider and abetter liability was not expanded or created after his arrest.  Michigan has adhered to the "natural and probable consequences theory" since *People v. Knapp*, 26 Mich. 112 (1872).  *See People v. Robinson*, 475 Mich. 1, 9-10, 715 N.W.2d 44, 49-50 (2006) (citing and following *Knapp*).  Therefore, the MCOA properly considered the theory when analyzing Jones's appeal.  Objection (E) is overruled.

**Objections (F), (G), & (H):** Jones objects that no court has reviewed his claim – alleging improper presumptions in the jury instructions – by applying Supreme Court precedent.  Jones alleges that no court has analyzed the law as set forth in *Francis v. Franklin*, 471 U.S. 307, 315, 105 S. Ct. 1965, 1971 (1985) ("If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole.").

Notably, a reviewing court can dismiss a claim of improper jury instructions by considering whether the jury instructions *taken as a whole* were unconstitutional.  *See id.*  Jones's objection is overruled because the MCOA applied this principle. The MCOA, reviewing the grounds Jones raises in Count II of his petition, held: "Viewed as a whole, the trial court's jury instructions properly conveyed the applicable law and sufficiently protected defendant's rights." *People v. Jones*, Case No. 273576, unpublished per curiam opinion, at 9-10 (Mich. Ct. App.  July 15, 2008).  The R & R concluded that the MCOA's decision is not contrary to, nor involved an unreasonable application of, Supreme Court precedent.  Therefore, Jones's objections that his claim was not properly reviewed are overruled.

## III.    Claim III

**Objection (I):** Jones objects that neither the R & R nor the MCOA addressed Claim III of Jones's habeas petition.  Despite what Jones labeled Claim III, his argument challenges the *trial court*'s decision to not give the jury a "general intent" instruction.  (*See* Br. in Supp. of Pet. at 44-51.)  Both the MCOA and the R & R addressed the argument that Jones makes in Claim III.  The MCOA found that the "the trial court's jury instructions properly conveyed the applicable law and sufficiently protected defendant's rights," which the R & R found was not contrary to or an

unreasonable application of Supreme Court precedent.  Therefore, Jones's objection that Claim III was not considered is overruled.

## IV.    Claim IV

**Objections (J), (K), & (L):** In each of these objections, Jones argues, in one form or another, that "no determination has ever been made to determine whether the allegations Petitioner lodged against the Defender Office warranted different counsel." (Objections at 13-14.)  As background, the state trial court gave Jones the choice of continuing to be represented by the Kalamazoo Defenders' Office, or waive counsel and represent himself. (*Id.* at 13.)  On review, the MCOA said that the trial court did not deny Jones his right to counsel by offering him that choice. In Claim IV of his habeas petition, Jones asserted that the MCOA's decision was contrary to or an unreasonable application of Supreme Court law.

Both the MCOA and the R & R addressed Jones's claim that he was denied his right to adequate counsel.  Importantly, the MCOA noted that Jones was informed of his right to competent counsel, albeit not counsel of his choice, and that Jones chose to proceed without counsel instead of seeking substitute counsel.  Thus, the MCOA analyzed whether Jones properly waived his right to counsel, which the R & R found was not contrary to or an unreasonable application of Supreme Court precedent.

Most of Jones's arguments regarding Claim IV assume that every attorney at the Kalamazoo Defenders' Office would have provided inadequate representation.  Of course, as the trial court said, Jones never made such a showing.  While Jones had the right to adequate representation, as an indigent Jones did not have the right to decline appointed counsel without showing that an appointed attorney would have inadequately represented him.  Since Jones did not show that every court-appointed attorney would have inadequately represented him, Jones had the choice with proceeding with a court-appointed attorney from the Kalamazoo Defenders' Office or proceeding *pro se.*  Faced

with this choice, the record reflects that Jones unambiguously, knowingly, intelligently, voluntarily, and to the trial court's satisfaction, made the choice to proceed *pro se*. Contrary to what Jones asserts in his objections, both the MCOA and the R & R analyzed Jones's decision to proceed *pro se*. Finding no merit in Jones's objections and also agreeing with the R & R that the MCOA's decision did not rise to the level of § 2254(d)'s standard of review, the Court overrules Jones's objections to Claim IV.

**V.     Claim V**

**Objection (M):** In Objection (M), Jones reasserts the very argument that he made in his Brief in Support of his Petition. Finding this to be a general objection to the R & R's overall conclusion regarding Claim V, the Court overrules Jones's objection. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to objection."). Regardless, this Court finds no error in the R & R's conclusion that the state courts' determinations were not contrary to, or an unreasonable application of, established Supreme Court law.

**Objection (N):** Jones objects that the R & R did not address the key issues raised in Claim V. Objection (N) is overruled because the R & R addressed the key issue regarding Claim V; the R & R found that the state court's determination – that Jones was not entitled to the manual of jury instructions after he waived his right to counsel – was not contrary to or an unreasonable application of established Supreme Court law.

**VI.     Claim VI**

**Objection (O):** Jones objects that the R & R did not review the state court's factual finding that Jones had not made a request for assistance in locating Derrick Williams. However, with regard to Claim VI, the R & R said that the MCOA's decision "did not . . . result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding."  Indeed, to trigger the prosecutor's statutory duty to help Jones locate a witness, Jones was required to make a *written* request.  *See* M.C.L. § 767.40a(5) ("The prosecuting attorney . . . shall provide to the defendant . . . reasonable assistance . . . to locate and serve process upon a witness.  The request for assistance shall be made in writing.").  Jones never made a showing that he made a written request to the prosecutor.  Hence, the R & R did not err by finding that the MCOA's decision was not an unreasonable determination of the facts in light of the evidence presented.  Objection (O) is overruled.

**Objection (P):** Since the R & R found Claim VI to be baseless, Objection (P) is overruled because the magistrate judge did not err by failing to order an evidentiary hearing.  Jones did not make a showing that an evidentiary hearing would have allowed him to prove factual allegations that entitled him to habeas relief.  *See Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007).

**Objection (Q):** Jones argues that the R & R did not address the key issues that he raised in Claim VI of his petition.  Objection (Q) is overruled because the R & R addressed the key issues raised in Claim VI of Jones's petition.  As noted above, the R & R analyzed the factual issue raised by Jones.  In addition, the R & R analyzed the legal issues raised by Jones.  Even though the R & R did not say as much, by citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963), the R & R acknowledged that "compulsory process provides no *greater* protections . . . than those afforded by due process." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S. Ct. 989, 1001 (1987).  After citing the MCOA's decision regarding this issue, the R & R said that the MCOA's decision was not contrary to or an unreasonable application of Supreme Court law regarding the prosecution's duty to disclose exculpatory evidence.  Hence, the R & R addressed both the key factual issues and legal issues regarding Claim VI.

## VII.    Claim VII

**Objection (R):** Objection (R) argues that the magistrate judge did not examine the record or make any factual findings to determine if the state court's factual findings were rebutted with clear and convincing evidence in the record.  Contrary to Jones's objection, the R & R's thorough citation to the MCOA's decision exhibits that the magistrate judge examined the record. Furthermore, also in regard to Claim VII, the R & R's finding that the MCOA's decision was not based upon an unreasonable determination of the facts shows that the magistrate judge considered the factual issues raised by Jones.  Therefore, Objection (R) is overruled.

## VIII.   Miscellaneous Objections

**Objections (S) & (V):** Jones objects that the magistrate judge did not order Respondent to provide Rule 5 materials.  The objection is overruled because the record reflects that Respondent provided all of the requisite Rule 5 materials to Jones.  (*See* docket nos. 13-26.)

**Objection (T):** Jones objects to the R & R's finding that Jones should be denied a certificate of appealability on all of Jones's claims.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Jones has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, as demonstrated by the review of numerous objections to each finding made by the R & R, this Court has examined each of Jones's claims under the *Slack* standard.  A certificate of

appealability will be denied as to each issue raised by Jones because he has failed to make a "substantial showing of a denial of a constitutional right."

**Objection (U)**: Jones objects that the magistrate judge failed to order an evidentiary hearing. The objection is overruled because this Court agrees with the R & R that Jones has not made a sufficient showing for this Court to hold an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. at 474, 127 S. Ct. at 1940.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 21, 2012 (docket no. 33) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition (docket no. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated:  August 13, 2012                                      /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE